UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.                                                                            CR NO.  06-268M (JMF)

ADAM K. HAMILTON,

    Defendant.

## DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that the defendant be detained pending trial.  After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

## FINDINGS OF FACT

1. On June 8, 2006, at approximately 6:20 p.m., officers with the Metropolitan Police Department's Sixth District noticed a 2001 Dodge Dakota truck with tinted windows driving on the 600 block of Division Avenue, N.E., Washington, DC.

2. The officers conducted a WALES/NCIC check on the truck, which revealed that the vehicle was reported stolen by defendant on April 28, 2006.  A later WALES/NCIC check revealed that the vehicle was registered to defendant.

3. The officers lost sight of the truck for 2 to 6 minutes, then again observed the

truck parked on the 300 block of 54th Street, N.E.

4. Officers set up an observation post to observe the vehicle. Officers then saw defendant go to the rear of the truck and make several movements with his hands and arms in the bed of the truck. Defendant then walked into an alleyway and was hidden from view, but returned to the truck a short time later and drove off in the truck.

5. Officers then conducted a traffic stop at 328 56th Street, N.E. The officers found three passengers inside the truck: the defendant was sitting in the driver's seat, an unidentified female was in the passenger's seat, and a male named Carroll Wills was in the backseat.

6. Officers opened the front driver's door, at which time defendant stated that he owned the truck. Officers then asked everyone to exit the truck.

7. Officers then conducted a search of the truck and recovered the following items: (1) in the backseat next to Carroll Wills, an open black bag approximately 15 to 18 inches in height filled with at least 100 rounds of ammunition; (2) also in the backseat, a white rock-like substance inside a clear plastic container and a glass pipe; (3) in the rear bed of the truck, 3 shotguns, 3 rifles, and 1 pistol, all covered by a green blanket; and (4) underneath the passenger seat, 1 revolver.

8. Officer Jordan Katz testified that defendant made a statement identifying his awareness of the firearms in the bed of his truck.

9. The ammunition in the black bag matched most of the calibers.

10. The white rock-like substance field tested positive for cocaine.

**REASONS FOR DETENTION**

Presently, defendant does not qualify for release because he is being held on $5,000 cash bond in the Superior Court for the District of Columbia. If defendant posts bond, then an examination of the factors required to be considered by 18 U.S.C. section 3142(g) compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the appearance of the defendant in court when required. Defendant's detention is, therefore, appropriate.

**The Statutory Standard**

If defendant posts bond, then the government seeks the defendant's pre-trial detention pursuant to 18 U.S.C. § 3142(f)(1)(D), which authorizes the pre-trial detention of a defendant who, like this defendant, is (a) charged with a felony; and (b) has previously been convicted of two state or local offenses that would be considered crimes of violence had they been prosecuted as federal offenses. Because the defendant is currently charged with the unlawful possession of a firearm by a convicted felon and he was twice convicted in Maryland for burglary in the first degree, which is considered a crime of violence pursuant to the Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, he qualifies for pre-trial detention. In determining whether there are conditions of release that will reasonably assure the appearance of the defendant in court as required and the safety of the community, the court is to consider:

1.  The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2.  The weight of the evidence;

3.  The history and characteristics of the person, including

      a.      His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

      b.      Past conduct, history relating to drug or alcohol abuse;

      c.      Criminal history;

      d.      Record concerning appearance at court proceedings;

      e.      Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law.

18 U.S.C. § 3142.

## Analysis

An examination of these factors compels the conclusion that the defendant should be detained.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.** The offense charged, possession of a firearm by a convicted felon, is not *per se* a crime of violence, which would raise a presumption in favor of detention. Singleton v. United States, 182 F.3d 7 (D.C. Cir. 1999).

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.** Defendant is a lifelong resident of the District of Columbia. He is single, has no known children or relatives, and is unemployed.

**The weight of the evidence**. The weight of the evidence is overwhelming. Officers

recovered 8 firearms from defendant's truck, along with over 100 rounds of multiple ammunition. In addition, defendant was aware of the firearms in his truck because he told the police officer about the location from which he retrieved the firearms.

**History relating to drug or alcohol abuse**. In two separate pending cases, defendant has been charged with possession of a controlled substance and drug paraphernalia. Defendant's probation officer stated that defendant has not reported for and is not cooperating with drug treatment. Drug testing indicates that defendant has used drugs within the past 30 days of June 20, 2006.

**Record concerning appearance at court proceedings and prior criminal record**. In 1994, defendant was convicted of felony theft in Maryland. In 1996, defendant was convicted of burglary in the first degree in Maryland and was sentenced to two years of confinement. In 2000, defendant was again convicted of burglary in the first degree in Maryland, but is presently on parole. In addition to the pending drug cases mentioned above, a third case is pending in which defendant is charged with violation of the Bail Reform Act. Defendant's record also contains additional convictions of theft and the possession of drug paraphernalia.

**Whether on probation or parole at the time of the present offense.** At the time of the present offense, defendant was on parole in Maryland for his second conviction of burglary in the first degree. Defendant's parole is set to expire May 2, 2012. In addition to the present offense, there is probable cause to believe that the defendant violated the Bail Reform Act and possessed a controlled substance and drug paraphernalia while on parole.

**CONCLUSION**

A weighing of all the pertinent facts compels the conclusion that the defendant should be detained pending trial, should he post his $5,000 bond to the Superior Court. Defendant was previously convicted of two crimes of violence and has been unfaithful to the conditions of his post-conviction supervision. There is now probable cause to believe that defendant is guilty of unlawful possession of a firearm - indeed, officers removed <u>eight</u> <u>firearms</u> from defendant's truck at the time of his arrest. Therefore, I find by clear and convincing evidence that there are no conditions or combination of conditions I could set that would reasonably assure this defendant's appearance in court when required. I will, therefore, order the defendant detained without bond pending trial.

                                                         **JOHN M. FACCIOLA**
                                                         **UNITED STATES MAGISTRATE JUDGE**

**June 22, 2006**